IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DR. KENNETH CHANCEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 1:12-CV-679-WKW |
| ) | [WO] |
| THE CINCINNATI INSURANCE ) | |
| COMPANIES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Dr. Kenneth Chancey filed this lawsuit against The Cincinnati Insurance Companies ("Cincinnati") for an alleged breach of contract arising out of an employee dishonesty provision in an insurance contract. Cincinnati moves for summary judgment, and its motion is due to be granted.

**I. JURISDICTION AND VENUE**

The court exercises subject matter jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332(a) and 1441(a). Personal jurisdiction and venue are uncontested.

**II. STANDARD OF REVIEW**

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant. *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish – with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists. *Id.* at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable factfinder to return a verdict in its favor. *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

### III.  FACTUAL AND PROCEDURAL BACKGROUND

Viewing the facts in the light most favorable to the nonmovant, in 2003, Dr. Kenneth Chancey married the wrong woman. By 2010, she had run up $300,000 of credit-card debt behind Dr. Chancey's back, and she had stolen over $25,000 from his dental practice, where she performed the duties of an office manager. In 2011, Dr. Chancey filed for bankruptcy protection.

By 2012, Dr. Chancey was divorced, and his debts were discharged in bankruptcy. He still had one matter left to settle, however: Dr. Chancey thought his insurance policy with Cincinnati[1] should cover the money his wife stole from his dental practice. Cincinnati disagreed and refused to pay his claim.

Dr. Chancey filed this lawsuit on June 21, 2012, accusing Cincinnati of breaching its contractual obligation to cover losses caused by employee dishonesty. Cincinnati removed the case to this court and now moves for summary judgment.

## IV.  DISCUSSION

Dr. Chancey's policy with Cincinnati contains an employee-dishonesty provision. As one might expect, that provision requires Cincinnati to pay for losses caused by dishonest acts of Dr. Chancey's *employees*.[2] As far as it matters here, Dr. Chancey's policy defines "employee" as "[a]ny natural person . . . [w]hom you compensate directly by salary, wages or commissions . . . ." (Doc. # 1-1 at 2.) Cincinnati argues that Dr. Chancey's ex-wife does not fit the bill.

And the evidence bears that out. According to Dr. Chancey's own admission, his ex-wife did not receive any salary, wages, or commissions for her work at the

---

[1] The exact type of insurance policy is not disclosed in the record.

[2] *See* Doc. # 1-1 at 1 ("We will pay for direct loss of or damage to Business or Personal Property, including 'money' and 'securities' resulting from dishonest acts committed by any of your employees acting alone or in collusion with other persons . . . .").

dental practice, either directly or indirectly. (Doc. # 19 at 1.) Thus, she was not an employee within the meaning of the employee-dishonesty provision, and Cincinnati was under no obligation to pay for the losses she caused.

Dr. Chancey has offered no evidence to the contrary. Instead, his response says only that "there is a valid argument that [his ex-wife] would qualify as an employee." (Doc. # 19 at 2.) If such an argument exists, there is no evidence to support it in the record.[3] As the record stands for purposes of this motion, it is undisputed that Dr. Chancey's ex-wife was not an employee within the meaning of the employee-dishonesty provision. Thus, Cincinnati is entitled to summary judgment because it has shown "that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[4]

## V. CONCLUSION

It is therefore ORDERED that Cincinnati's Motion for Summary Judgment (Doc. # 16) is GRANTED. An appropriate judgment will follow.

---

[3] Brevity is a virtue possessed by few who practice in federal courts. But to defeat a properly supported motion for summary judgment, a nonmovant must, at a minimum, cite some record evidence; it is insufficient to simply declare that a good argument exists.

[4] Cincinnati also argues that Dr. Chancey is estopped from pursuing his contract claim because he did not list it as an asset in his recent bankruptcy. Because Dr. Chancey's claim fails on the merits in any event, the court need not decide whether the estoppel argument would have provided another basis for summary judgment.

It is further ORDERED that the pretrial hearing scheduled for May 9, 2013, is CANCELLED.

DONE this 7th day of May, 2013.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE